# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-40627

_____

United States Court of Appeals
Fifth Circuit

**FILED**
June 17, 2024

Lyle W. Cayce
Clerk

Tad Taylor,

*Plaintiff—Appellant*,

*versus*

Marcia A. Crone, *United States Judge*; Steven Buys, *Assistant United States Attorney*; Hornok, *Assistant United States Attorney*; United States of America,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:22-CV-79

_____

Before Clement, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Tad Taylor, federal prisoner # 26966-078, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal without prejudice of his civil action for lack of subject matter jurisdiction. Taylor's IFP motion constitutes a challenge to the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997);

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

*see also* Fed. R. App. P. 24(a). The inquiry into an IFP movant's good faith is "limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

In his IFP motion, Taylor makes claims of corruption and perjury similar to those that he raised in his amended complaint. He does not address the district court's determinations regarding exhaustion, sovereign immunity, and the court's lack of subject matter jurisdiction, nor does he acknowledge or challenge the substitution of the United States as the sole defendant. Accordingly, he has abandoned any challenge to the basis for the district court's decision. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Taylor fails to show that his appeal raises a nonfrivolous issue, his motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; 5th Cir. R. 42.2.

Our dismissal of this appeal counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 535-39 (2015). Taylor now has two strikes for purposes of § 1915(g). *See Taylor v. Kendall Law Grp., P.L.L.C.*, No. 21-10280, 2021 WL 6102485, at *1 (5th Cir. Dec. 23, 2021) (unpublished). Taylor is WARNED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).